## Sharon Steel Corporation v. Rakoci

*David Goodwin*, for plaintiff.
*William G. McConnell,* for defendant.

STRANAHAN, *P.J.*, July 13, 1982—Plaintiff in this action has filed a complaint in ejectment against defendant alleging ownership of property that defendant now occupies. Defendant filed a counterclaim alleging his ownership of the property and further claiming that the land had been damaged by industrial wastes discharged by plaintiff. Defendant further contends that this discharge of waste was intentional, willful and wanton.

The matter is now before this court on objections by plaintiff to three interrogatories. Specifically, defendant requested answers to the following:

5. Set forth in specific detail whether or not the Sharon Steel Corporation has ever been cited by any governmental agency for the wrongful discharge of industrial wastes, either into the Shenango River in an area above the property as claimed by the defendant, or upon the defendant's property.

6. If your answer to the immediately preceeding interrogatory is in the affirmative, set forth the following information in regard to each citation:

(a) The agency which cited the Sharon Steel Corporation;

(b) The date of the citation;

(c) The results of the citation.

7. Has the Sharon Steel Corporation ever been warned by any governmental agency concerning discharges of industrial wastes in the area of the defendant's claimed property? If so, set forth with specificity the contents of such communication, the agency which communicated with Sharon Steel and the dates thereof, and also describe the industrial waste substance which was discharged.

Plaintiff has refused to answer these interrogatories claiming that they were not proposed in good faith and that they are not relevant. It is the opinion of this court that the allegation of "bad faith" is unsubstantiated. However, we recognize the merit in plaintiff's objection to the relevancy of the questions as phrased.

The principal argument put forth by plaintiff is that the above-stated interrogatories are not relevant because they are indefinite in time. The questions ask if plaintiff was *ever* cited or warned for discharging industrial waste. Clearly a time limitation needs to be imposed upon the scope of the ques-

tion. This is the determination the court must make.

Plaintiff further argues that since the statute of limitations for a trespass action is two years, only citations and warnings during the past two years would be relevant. In essence, plaintiff is claiming that since an action brought against it on these "discharges" would be barred, then no discovery should be permitted concerning them.

However, Pa.R.C.P. 4003.1 states, in pertinent part:

> . . . a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . . *It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.* (Emphasis added.)

Furthermore, the present trend toward the liberalization of the discovery process requires that we extend the scope of the inquiries beyond two years.

"In determining the discoverability of particular matters, a court should interpret the requirement of relevancy broadly and liberally. If there is any conceivable basis of relevancy, the discovery should be permitted. Doubts should be resolved in favor of relevancy." 6 Standard Pennsylvania Practice 2d 34:16.

Defendant correctly points out that prior citations for discharging waste, while possibly barred as actionable by the statute of limitations, are relevant for discovery purposes to the current allegations of "intentionally" and "willfully" discharging waste.

That is, evidence of prior discharging may show knowledge, intent, or willful or wanton behavior. Under this umbrella of relevancy, it is of no moment that the statute of limitations has run or that defendant did not own the property prior to August of 1978.

The burden on this court is to impose a time limit on the scope of the desired discovery. We admit that such a determination is, to a certain degree, arbitrary. In that light, we limit the scope of questions five, six, and seven, to citations and warnings of the Sharon Steel Corporation over the past ten years. The interrogatories concerning these warnings and citations (limited to the past ten years) are deemed relevant by this court.

We hold that evidence of discharging citations beyond this ten year period would be irrelevant to show willful and intentional behavior and further would be burdensome on plaintiff.* In conjunction with this opinion we enter the following

## ORDER

And now, July 13, 1982, plaintiff is directed to answer the interrogatories submitted by defendant as modified by the foregoing opinion.

---

*We note the case of Moss v. Klebanoff, 44 D. & C. 2d 142, (1967), which, in an action by a landlord for percentage of rentals against a tenant limited . . . statements, to the prior ten year period. Going any further back, it was held, would have been unduly burdensome.